Isherwood, Appellant, *v.* American Steel Foundries.

Argued April 17, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

Frank C. Link, and with him Harry E. Richter, for appellant, cited: Seitzinger v. Fort Pitt Brewing Company, 294 Pa. 253; McCrossin v. Philadelphia Rapid Transit Company, 283 Pa. 495.

P. K. Motheral, and with him Reed, Smith, Shaw & McClay, for appellee, cited: Dewees v. Day and Zimmerman, 291 Pa. 379.

Opinion by Trexler, P. J., July 10, 1930:

Thomas Isherwood was burned by hot metal while in the course of his employment with the defendant

on February 14, 1927. He was taken to the hospital where he was treated until May 29th, at which time he was discharged as having recovered from his injury.

A compensation agreement was made between the parties under which payments were made during the period of decedent's disability at which time he signed a final receipt and returned to work. There was no work in defendant's plant, so he labored on the township roads in July, August and September and in April, 1928. The claimant avers that during this period, he could not do his regular work, he was only employed in light labor. His death occurred on May 28, 1928.

The Referee disallowed compensation on the claim of the widow. The Compensation Board sustained his findings and the lower court took the same view. Dr. Wakefield attended the decedent during his illness and testified to a direct connection between the injury and the cause of death. He stated that the death was due to nephritis and valvular heart disease directly traceable to the burns which he had received. The day following the death, this same witness signed a certificate of death in which the following appears: "The cause of death was as follows: Atrophic cirrhosis of liver (duration) 2 years; contributory (secondary) valvular heart disease (duration) 11 yrs." No reference was made to the burns.

The claim could have been sustained upon the testimony of this doctor, but no doubt the certificate from which we quote led the referee to doubt the accuracy of the doctor's conclusion. A year elapsed from the time of the injury before the man died. Isherwood had worked (perhaps not hard) and the doctor had been at his home at various times and had heard no complaints from him and the first the doctor heard of the kidney condition was when he was called to attend Isherwood in March, 1928.

Dr. Hetzell, called by the defendant, said he could

see no connection between the injury and the death; that when Isherwood was discharged from the hospital in 1927, the burns had healed except those on the lower extremity. At the time the patient was discharged, there was no kidney condition, except a slight trace of albumen. He had not seen the plaintiff since June, 1927, and therefore when asked if the burns had anything to do with the death answered, "That is a little difficult to answer." He did not know what had happened since the last time he saw him, but taking the history of the case and the condition of the burns, he gave his opinion that they would not seriously affect the organs.

The matter resolved itself into the question whether the referee would believe one doctor or the other. There was a disagreement between the doctors as to the extent of the burns and as to the effect that they would have upon the kidneys. One testified that the skin after being healed would not function properly and the other testified that while there would be an acute disturbance at the time the burns were inflicted, that such disturbance is always temporary and the kidneys resume their function. Dr. Hetzell concluded by saying, "I believe I can say that it (the burning) was not a contributing factor."

The Workmen's Compensation Board, in view of the highly contradictory testimony of the doctors, felt that it was peculiarly the province of the referee to pass upon the credibility of the witnesses and accept the testimony which to him would control, and that he was completely justified in taking the testimony of Dr. Hetzell as a foundation for his conclusion and that it was ample to sustain his findings. The Board, therefore, as already stated, affirmed the findings of facts and we agree with the lower court that there is no ground for reversal.

The judgment is affirmed.